IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Doe 305, Julie McDonald, and Richard McDonald<br><br>            Plaintiffs,<br>    v.<br><br>Lawrence E. Richter, Jr., David K. Haller, Richter & Haller, LLC, and the Bishop of Charleston,<br><br>            Defendants. | Case No. 2:22-cv-02940-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Defendants Lawrence Richter, David Haller, and Richter & Haller, LLC (collectively, "Lawyer Defendants") Joint Motion to Remand. (Dkt. No. 7). Plaintiffs filed a response (Dkt. No. 13), Defendant Bishop of Charleston also filed a response (Dkt. No. 14), and the Lawyer Defendants filed a reply (Dkt. No. 16). For the reasons set forth below, the Court grants the motion to remand and remands this action to the Court of Common Pleas for Charleston County, South Carolina.

**I.    Background**

On August 29, 2022, Plaintiffs filed this case in the Court of Common Pleas for Charleston County. (Dkt. No. 1-1 at 37). Two days later, on September 1, 2022, Defendant Bishop of Charleston filed a notice of removal arguing that this Court has original jurisdiction based upon diversity of citizenship. (Dkt. No. 1, ¶ 5). At the time the notice was filed, none of the four Defendants had been served. (Dkt. Nos. 7 at 3; 13 at 1; 14 at 1). All of the Defendants in this case are citizens of South Carolina. (Dkt. No. 1-1, ¶¶ 11, 17-19).

Lawyer Defendants now move to remand this case pursuant to the forum-defendant rule. (Dkt. No. 7). Plaintiffs do not oppose remand, but states that they did not see a proper basis to

1

claim the removal was improper. (Dkt. No. 13 at 1-2). Defendant Bishop of Charleston opposes remand. (Dkt. No. 14). Lawyer Defendants submitted a reply to Plaintiffs' and Defendant Bishop of Charleston's responses. (Dkt. No. 16). The matter is now ripe for the Court's review.

## II. Standard

As the party invoking the Court's jurisdiction, Defendant Bishop of Charleston bears the burden of establishing that the case was properly removed from state court. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Bennett v. Bally Mfg. Corp.*, 785 F. Supp. 559, 560 (D.S.C. 1992). The Court should strictly construe removal jurisdiction because it "raises significant federalism concerns." *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)); *see also S.C. v. Boehringer Ingelheim Roxane, Inc.*, No. 3:07-cv-00665-CMC, 2007 WL 1232156, at *1 (D.S.C. Apr. 26, 2007). Doubts as to the Court's jurisdiction should weigh in favor of remanding to state court. *Mulcahey*, 29 F.3d at 151.

## III. Discussion

### A. Motion to Remand

There is no dispute there is complete diversity between the parties and the amount in controversy exceeds $75,000.00. In addition, there is no dispute that Plaintiffs did not serve any Defendant with the Complaint prior to the removal of this action. The issue in dispute is whether the forum-defendant rule bars Bishop of Charleston from removing this action before Plaintiff served Defendants with the complaint. Courts refer to removal by a forum defendant before they have received service of process as "snap removal."

Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, the forum-defendant rule confines removal based on diversity jurisdiction to instances where no defendant is a citizen of the forum state. *Phillips Constr. LLC v. Daniels Law Firm, PLLC*, 93 F.

2

Supp. 3d 544, 548 (S.D. W. Va. 2015). The forum-defendant rule reads that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Courts across the country disagree as to propriety of snap removal.

While the Fourth Circuit has not addressed the issue, several circuits interpret the plain meaning of § 1441(b)(2)'s "properly joined as served" language as permitting pre-service removal when a forum defendant is sued because it is in keeping with the literal language of the statute. *See Texas Brine Co., LLC. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019) (rejecting argument that a literal interpretation of the statute produces an absurd result because Congress adopted the "properly joined and served" requirement to provide a bright line rule). On the other hand, the Eleventh Circuit explained that pre-service removal pursuant to § 1441(b)(2) when a forum defendant is sued is prohibited because such removal is at odds with the legislative intent of the forum-defendant rule, to prevent gamesmanship. *See Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (upholding dismissal without prejudice, reasoning that the "properly joined and served" language in § 1441(b)(2) should not be read to prevent district court from exercising discretion under Rule 41(a)(2)).

District Courts within the Fourth Circuit are similarly split on the issue. *See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prod. Liab. Litig.*, No. 2:14-MN-02502-RMG, 2016 WL 7338594, at \*2 (D.S.C. Nov. 21, 2016); *Phillips Construction, LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 548 (S.D.W. Va. 2015) (discussing split of authority and holding

3

removal by unserved forum defendants is barred by forum-defendant rule, at least when all defendants are residents of forum state); *Oxendine v. Merck & Co.*, 236 F. Supp. 2d 517, 526 (D. Md. 2002) (noting that removability "cannot rationally turn on the timing or sequence of service of process."). *Contra Bloom v. Library Corp.*, 112 F. Supp. 3d 498, 506 (N.D. W. Va. 2015); *Wensil v. E.I. Dupont de Nemours 7 Co.*, 792 F. Supp. 447, 449 (D.S.C. 1992) (explaining that § 1441(b)(2) is clear and the "presence of unserved resident defendants does not defeat removal where complete diversity exists."). Recently, in *Turtle Factory Bldg. Corp. v. McGrath Real Est. Holdings, LLC*, No. 2:20-CV-03099-RMG, 2021 WL 688697, at *3 (D.S.C. Jan. 28, 2021), this Court granted a plaintiff's motion to remand under circumstances similar to those present here. *Id.* (holding that "the literal application of § 1441(b)(2) is contrary to congressional intent and creates absurd results").

After considering the parties' respective briefing, the Court finds no reason to deviate from its holding in *Turtle Factory*:

> [T]he Court is persuaded by the opinions that find the literal application of § 1441(b)(2) is contrary to congressional intent and creates absurd results. One of the principal purposes of diversity jurisdiction was to give a "citizen of one state access to an unbiased court to protect him from parochialism if he was forced into litigation in another state in which he was a stranger and of which his opponent was a citizen." *Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir. 1968).
>
> The forum-defendant rule appears to recognize that there is no need to protect out-of-state defendants from local prejudice where the defendant is a citizen of the state in which the case is brought. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006); *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013).

> The addition of the "properly joined and served" language to § 1441(b)(2) has been interpreted as an effort to prevent gamesmanship by plaintiffs from joining forum defendants merely to preclude federal jurisdiction. *Goodwin*, 757 F.3d at 1221 (quoting *Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 644 (D.N.J. 2008) (abrogated by *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018))). Further, if the forum-defendant rule were read to allow pre-service removal, it would provide an incentive for defendants to employ gamesmanship by racing to remove newly filed actions, which would stand in contrast to the purpose behind the inclusion of the language to prevent gamesmanship. *Id.*; *Phillips Construction, LLC*, 93 F. Supp. 3d at 553; *Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, 1221 (M.D. Tenn. 2017) (finding based on statutory scheme "permitting pre-service removals when a forum defendant is sued runs counter to the reasons underlying the forum-defendant rule and is not a result that Congress could have envisioned ... when it enacted the rule to protect out of state defendants from local juries). Removal statutes are to be strictly construed and the removing party bears the burden of establishing the right to removal *Mulcahey*, 29 F.3d at 151. Courts are clearly split as to this issue and the propriety of removal in this case is doubtful. As such, the Court weighs in favor of remanding to state court.

*Turtle Factory*, 2021 WL 688697, at *3 (remanding action on basis of forum-defendant rule where nonresident defendant was served and removed action to federal court before service of resident defendant was completed). Additionally, District Courts in this Circuit have noted the clear absurdity of snap removal when the only defendants are forum defendants. *See Active Res., Inc. v. Hagewood*, 22-cv-00172, 2022 WL 2346398, at *3 (S.D. W. Va. June 29, 2022) ("[U]nlike cases where there are both forum and non-forum defendants, when the only defendants are forum defendants, it defeats the purpose of the rule and removal statute to allow those forum defendants to remove the case . . . ."); *Phillips Construction*, 93 F. Supp. 3d at 556 ("[T]he Court finds that, in cases involving only resident defendants, the forum-defendant rule bars the resident defendants from removing an action pursuant to diversity jurisdiction before effectuation of service.").

Accordingly, the Court grants Plaintiff's motion to remand.

### B. Request for Attorney's Fees

In addition to its motion to remand, Lawyer Defendants seek attorney's fees incurred in connection with the improper removal of this action. (Dkt. No. 16 at 7-9). They argue that the Defendant Bishop of Charleston lacked an objectively reasonable basis for seeking removal based on diversity jurisdiction where all Defendants are forum defendants. (*Id.* at 9). The Defendants argue that even if the Court determines removal was improper, attorney's fees are unwarranted because there are several circuit court cases, and district court cases in the Fourth Circuit, interpreting 28 U.S.C. § 1441(b)(2) in a manner that would render removal here proper. (Dkt. No. 16 at 10).

An order remanding the case may require payment of just costs and any actual expenses including attorney's fees, incurred as a result of removal." 28 U.S.C. § 1447(c). The Fourth Circuit has held that 28 U.S.C. § 1447(c) "provides the district court with discretion to award fees when remanding a case" where it finds such awards appropriate. *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996). A court does not "abuse its discretion in denying party's motion for attorney fees incurred as result of removal of action which was remanded to state court where there was no evidence of bad faith on part of parties, and it was not obvious that federal jurisdiction in action was lacking." *Id.* The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 (2005).

Here, the Court finds that snap removal is a contested issue with supporting caselaw that the Fourth Circuit has not ruled on. This is shown by Lawyer Defendants' brief which notes that

6

District Courts in the Fourth Circuit have both denied and allowed snap removal. (Dkt. No. 7 at 7). Under these circumstances, the Court declines to award Lawyer Defendants the fees and costs it incurred because of the removal.

**IV.     Conclusion**

For the reasons stated above, the Lawyer Defendants' Motion to Remand (Dkt. No. 7) is **GRANTED**. The Court **REMANDS** the action to the Court of Common Pleas for Charleston County, South Carolina for adjudication on the merits. The Lawyer Defendants' request for Attorney's Fees is **DENIED**.

**AND IT IS SO ORDERED**.

  s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

June 12, 2023  
Charleston, South Carolina